IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| EDUARDO LINAO, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : CIVIL ACTION NO. |
| | : 2:09-CV-134-RWS |
| GCR TIRE CENTERS, | : |
| | : |
| Defendant. | : |

## **ORDER**

This case is before the Court for consideration of Defendant's Motion for Summary Judgment [52].

## **Background**

The gravamen of the plaintiff's complaint is that Eduard Linao ("Plaintiff") was allegedly injured by a condition on the premises of GCR Tire Centers ("Defendant") premises. (Compl. ¶¶ 16-17.) On March 27, 2008, Plaintiff, in his capacity as a truck driver for Old Dominion Freight Lines, Inc., made a delivery of tires to Defendant's Gainesville shop. (Def.'s Statement of Statement of Undisputed Material Facts [52-5] ("SOF") ¶¶ 2-3.) Plaintiff unloaded the tires and obtained a signature and initials from a GCR employee on the bill of lading. (SOF ¶¶ 6-7.) After completing his delivery, Plaintiff,

without permission, purposefully entered a restricted area of the GCR facility, where two GCR employees were filling a tire with foam, in order to say "goodbye" to one of the employees. (SOF ¶¶ 13-15.) This area, which was sectioned off from the rest of the GCR shop, was used to fill tires with foam in order to prevent them from deflating when punctured by sharp objects at work sites. (SOF ¶¶ 15, 26.) The foam fill room was not associated with the March 27, 2008 delivery of the tires. (SOF ¶ 22.) No GCR employee knew that the plaintiff was walking over to the foam fill room. (SOF ¶ 19.)

Numerous warning signs were posted throughout the GCR shop warning that the service bays were restricted to employees only and that eye protection was required in the service area. Such signs were posted between the first and second service bay doors, between the second and third service bay doors, and at the entrance to the foam fill room. (SOF ¶¶ 8, 9, 16.) Moreover, at the time of the plaintiff's alleged injury, there was a sign located on the left side of GCR's building with an arrow directing non-GCR employees to the office door, on the opposite side of the building from the foam fill room. (SOF ¶ 10; SOF Ex. 2.) Nothing prevented Plaintiff from using the office door to enter or leave the office. (SOF ¶ 12.)

2

After Plaintiff entered in the restricted area of the foam fill room, the tire being inflated ruptured and sprayed Plaintiff with foam, which allegedly injured his eyes. (Compl. ¶ 10.) Prior to the accidental release of the foam from the tire, GCR's employees followed necessary procedures and safety precautions involved in inflating the tire, but did not place the tire in a tire cage (as required by Occupational Safety and Health Administration ("OSHA") regulations) due to the size of the tire. (SOF ¶¶ 28-29.)

On July 2, 2009, Plaintiff filed this negligence action, alleging that Defendant breached its duty to Plaintiff by failing to properly inflate the tire using a protective cage as required by OSHA regulations and by failing to warn Plaintiff of the danger associated with the inflation process. (Compl. ¶ 17.)

## Discussion

Defendant has moved for summary judgment. Under Federal Rule of Civil Procedure 56, courts must grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). "The moving party bears 'the initial responsibility of informing the . .

3

. court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1259 (11th Cir. 2004) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (internal quotations omitted)). Where the moving party makes such a showing, the burden shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

In resolving a motion for summary judgment, the court must view all evidence and draw all reasonable inferences in the light most favorable to the non-moving party. Patton v. Triad Guar. Ins. Corp., 277 F.3d 1294, 1296 (11th Cir. 2002). But, the court is bound only to draw those inferences which are reasonable. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.

4

Ct. 1348, 89 L. Ed. 2d 538 (1986)).  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (internal citations omitted); see also Matsushita, 475 U.S. at 586 (once the moving party has met its burden under Rule 56(c), the nonmoving party "must do more than simply show there is some metaphysical doubt as to the material facts").

## I.   Plaintiff's Failure to Rebut Defendant's Statement of Facts

As a preliminary matter, in opposing a motion for summary judgment, the non-movant is required to directly refute, state a valid objection to the admissibility of, or point out the insufficient support for or immateriality of each of fact included in the movant's statement of facts.  LR 56.1(B)(2)(a)(2), NDGa.  If the non-movant fails to directly refute a material fact set forth in the movant's Statement of Material Facts with specific citations to evidence, or otherwise fails to state a valid objection to the material fact pursuant to Local Rule 56.1B(2), that fact is deemed admitted by the respondent.  See BMU, Inc. v. Cumulus Media, Inc., 366 F. App'x 47, 49 (11th Cir. 2010) (plaintiff's failure to submit response to defendant's statement of undisputed facts constituted admission of facts set forth in that statement, even where plaintiff

5

filed a competing statement of facts); Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1302-03 (11th Cir. 2009) (upholding district court decision to deem movant's statement of facts admitted where non-movant failed to include individually numbered, concise, non-argumentative responses corresponding to each of the movant's enumerated material facts).  Failing to comply with Local Rule 56.1 is the functional equivalent of failing to oppose a motion for summary judgment, since compliance with the Local Rule is the only permissible way for a non-movant to establish a genuine issue of material fact.  However, the Court must review the movant's citations to the record in order to ensure that there is, indeed, no genuine issue of material fact.  See Reese v. Herbert, 527 F.3d 1253, 1269 (11th Cir. 2008).

      Here, Plaintiff has failed to submit the paragraph-by-paragraph response required by Local Rule 56.1(B)(2)(a)(1).  While Plaintiff has incorporated a statement of facts within the body of his response, the rule clearly requires a "response to the movant's statement of undisputed facts . . . contain[ing] individually numbered, concise, nonargumentative responses *corresponding to each of the movant's numbered undisputed material facts*." LR 56.1(B)(2)(a)(1), NDGa (emphasis added).   Plaintiff has clearly failed to

comply with this requirement, despite the fact that Defendant has pointed out this deficiency in its reply brief. (Def.'s Reply to Pl.'s Opp'n to Mot. for Summ. J. [70] at 2-3.) The Court has also reviewed Defendant's citations to the record, and has found Defendant's statements of fact properly supported.

Therefore, Defendant's Statement of Facts is deemed admitted in full.

## II.     Plaintiff's Claim

In diversity cases, a federal court applies the law of the forum in which it sits. Continental Cas. Co. v. Adamo, 326 F.3d 1181, 1182 (11th Cir. 2003) (quotes and cite omitted). Under Georgia law, a plaintiff bears the burden of establishing four elements for negligence: (1) a legal duty to conform to a standard of conduct raised by the law for the protection of others against unreasonable risks of harm; (2) a breach of this standard; (3) a legally attributable causal connection between the conduct and the resulting injury; and (4) some loss or damage flowing to the plaintiff's legally protected interest as a result of the alleged breach of the legal duty. City of Douglasville v. Queen, 270 Ga. 770, 771, 514 S.E.2d 195 (1999).

7

A.   Defendant's Duty of Care

The specific duty of care owed by the owner or occupier of land to a person entering his land changes according to the status of the person entering the premises. Jarrell v. JDC & Assoc., LLC, 296 Ga. App. 523, 525, 675 S.E.2d 278 (2009).  Where the entrant is an invitee, the owner of the premises is required to exercise ordinary care in keeping the premises safe.  O.C.G.A. § 51-3-1.  Where the entrant is a licensee, the owner is liable only for willful or wanton injury.  O.C.G.A. § 51-3-2.

However, where a premises liability action is predicated upon active negligence, the distinction between the duty owed to a licensee and that owed to an invitee effectively vanishes.  Active negligence results from the owner's acts or omissions occurring at the time the plaintiff was on the premises.  Belcher v. Kentucky Fried Chicken Corp., 266 Ga. App. 556, 558, 597 S.E.2d 604 (2004). In such cases, Georgia courts have recognized that willful or wanton injury results where the defendant fails "to exercise *ordinary care* to prevent injuring a licensee who is actually known to be, or reasonably is expected to be, within range of a dangerous act being done."  See Nye v. Union

8

Camp Corp., 677 F. Supp.1220, 1224 (S.D. Ga. 1987) (citing Higginbotham v. Winborn, 135 Ga. App. 753, 756, 218 S.E.2d 917 (1975))(emphasis added).

In contrast, the traditional definition of willful or wanton injury (i.e., acting with the intent to injure or with a level of conscious indifference sufficient to infer the intent to injure) applies when negligence arises from a dangerous static condition on the premises. See Georgia Dept. of Transp. v. Strickland, 279 Ga. App. 753, 754-55, 632 S.E.2d 416 (2006) (noting that where the alleged negligence arises from static conditions rather than dangerous activities, a lack of ordinary care does not equate to willfulness or wantonness). A static condition is one that does not change, and is therefore dangerous only if someone fails to see it and encounters it. Thomas v. Exec. Comm. of the Baptist Convention of Georgia, 262 Ga. App. 315, 319, 585 S.E.2d 217 (2003).

In the case at bar, the parties dispute Plaintiff's status at the time of the injury, with Defendant asserting that Plaintiff was a licensee and Plaintiff asserting his invitee status. (See Def.'s Br. in Supp. of Mot. for Summ. J. [52-4] at 2; Pl.'s Br. in Opp. to Def.'s Mot. for Summ. J. [63] ("Pl. Opp.") at 13.) However, regardless of Plaintiff's status, the nature of the negligence at issue indicates that Plaintiff was owed the same duty of care under either status.

Plaintiff avers that Defendant's employees acted negligently by failing to use a protective cage while inflating the tire and by failing to warn Plaintiff of the dangers associated with the inflation process. (Compl. ¶ 17.) As such, Plaintiff asserts that Defendant's negligence resulted from a dangerous activity rather than a static condition.

Therefore, under Georgia law, Defendant was required to exercise ordinary care in order to prevent injuring Plaintiff, so long as Plaintiff was actually known to be or was reasonably expected to be within range of the tire inflation activities on the premises.

B.    Defendant's Negligence

The issue of breach in a negligence action (i.e., whether a defendant fell below the standard of care owed) is almost invariably a jury question. See Robinson v. Kroger Co., 268 Ga. 735, 739, 493 S.E.2d 403 (1997). However, summary judgment is proper in situations where facts failing to show negligence are established by evidence which is plain, palpable and undisputable. Id.

Furthermore, the owner is not required to warrant safety of all persons from all things, but merely to exercise the diligence toward making premises

10

safe that a good business person is accustomed to using in such matters.  See Robinson, 268 Ga. at 740.  The owner's exercise of ordinary care includes taking reasonable precautions to protect persons from dangers foreseeable from the use of premises.  See id.  The owner is liable for injuries sustained as a result of the owner's failure to warn of dangers of which he was aware or in the exercise of reasonable care should have known.  See Benson-Jones v. Sysco Food Servs. of Atlanta, LLC, 287 Ga. App. 579, 584, 651 S.E.2d 839 (2007).

In the case at bar, Plaintiff avers that Defendant breached its duty by failing to warn him of the hazardous activity resulting in his injury before permitting him to walk through the building.  However, the undisputed evidence shows that Defendant implemented numerous control measures in order to prevent non-employees from suffering eye injuries as a result of activities in its service areas.

At the time of Plaintiff's injury, there was a sign located on the left side of Defendant's building with an arrow directing non-GCR employees to the office door.  Within the building, in between the first and second bay doors, were two signs, one stating "Notice Employees Only" and another stating "Notice Eye Protection Required In This Area."  Identical signs were posted

between the second and third bay doors. Moreover, additional signs, which were posted at the entrance to the foam fill room, stated that the area was restricted to employees and that eye protection must be worn in the area. In addition, the foam fill room itself was segregated from the rest of the GCR shop.

Plaintiff does not argue that the posted warnings were inadequate, but instead asserts that the warning signs were not posted at all prior to his alleged injury. The Court has already noted Plaintiff's failure to comply with Local Rule 56.1, the result of which is that Plaintiff has effectively admitted to Defendant's statement of facts. However, even in the absence of such an admission, Plaintiff's evidence would still prove insufficient to raise a genuine dispute of fact on this issue.

Plaintiff testified in his deposition that he did not recall seeing the signs, and that the warning signs pictured in exhibits to Defendant's brief appeared "remarkably clean and new, given the grease-stained environment of a tire repair garage." (Pl. Opp. at 8-9.) Plaintiff also cites to the testimony of three other Old Dominion drivers, each of whom indicated that he did not recall seeing the signs prior to the accident. (Pl. Opp. 7-9, 10-11.)

12

None of these drivers testified that the warning signs were absent. Two of the drivers testified that it was not their practice to go inside the GCR building. (Deposition of Thomas Cochran, at 25:1-25:7, 32:6-32:23; Deposition of Simon Turner, at 15:21-16:9.) The third testified that, although he had walked through the service bays, he had never been near the foam fill room and could not testify as to the presence or absence of warnings signs at that location. (Deposition of David Churchill, at 25:3-25:19.) At most, Plaintiff has cited testimony that may create an issue of fact as to the presence of orange chain link strung across the service bay openings at the front of the GCR shop. (Pl. Opp. at 10-12.) However, questions about the presence of barriers outside the shop does not bear on the issue of when Defendant installed warning signs inside the shop. Other than the testimony of these drivers, none of whom (including Plaintiff) affirmatively testified that such signs were absent the day of Plaintiff's injury, Plaintiff offers no other evidence that the warnings signs were installed after Plaintiff's injury occurred and in response to this litigation.

While the Court is bound to draw all inferences from the evidence presented in the light most favorable to Plaintiff, such inferences must be

13

reasonable. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997). Furthermore, where the only evidence negating the existence of an event is a witness's failure to remember that event, other courts have declined to find a genuine issue of fact for summary judgment purposes. See Torjagbo v. United States, 285 F. App'x 615, 619 (11th Cir. 2008) (plaintiff's failure to remember signing a covenant not to sue did not raise a genuine issue of fact as to the authenticity of his signature); Chandler v. James, 985 F. Supp. 1094, 1100 (M.D. Ala. 1997) ("[A] witness who states that he cannot remember whether or not an event alleged to have happened by the moving party actually took place does not help the nonmoving party to meet its burden. The nonmoving party must come up with evidence that negates the version of events alleged by the moving party-an acknowledgment that the event may have occurred, but the witness cannot remember, falls short."). Here, the fact that visitors to the premises do not recall seeing warnings signs – particularly warning signs in the foam fill area, which was off-limits to non-employees – does not support a reasonable inference that such signs were absent.

Therefore, the evidence is plain, palpable and undisputable that Defendant took reasonable precautions to prevent Plaintiff's injury. Defendant

has presented undisputed evidence that it placed warning signs at several locations on the premises, including the entrance to the foam fill room. These, signs warned of the exact risk at issue, i.e., potential eye injury. Plaintiff has failed to rebut this evidence, instead relying on the general proposition that questions of negligence are for the jury. (Pl. Opp. at 20.) Such a response is insufficient to defeat summary judgment. See Jasper Constr. Co. v. Echols, 198 Ga. App. 127, 128, 400 S.E.2d 660 (1990) (reversing denial of summary judgment where defendant construction contractor fully complied with plans and specifications of Department of Transportation concerning construction of road and placement of barricades and warning signs at construction site); cf. Feggans v. Kroger Co., 223 Ga. App. 47, 51, 476 S.E.2d 822 (1996) (finding material dispute of fact as to whether duty to warn was breached, where contradictory evidence existed as to whether warning signs were posted and, if so, whether such signs were posted in the appropriate areas to prevent the underlying injury).

    Plaintiff also asserts that Defendant acted negligently by failing to use a protective cage during inflation of the tire, which constituted a violation of OSHA regulations. Generally, a plaintiff may assert that a violation of a federal

15

statute or its accompanying regulations constitutes negligence per se, so long as (1) that plaintiff falls within the class of persons the statute or regulation was intended to protect; (2) the harm complained of was the same harm the rule was intended to guard against; and (3) the violation of the statute or regulation proximately caused the plaintiff's injury.  McLain v. Mariner Health Care, Inc., 279 Ga. App. 410, 411, 631 S.E.2d 435 (2006).  Absent a showing of causation, however, a showing of negligence per se alone is insufficient to establish the defendant's liability.  See Howard v. Gourmet Concepts Int'l, Inc., 242 Ga. App. 521, 523, 529 S.E.2d 406 (2000) (affirming summary judgment where plaintiff failed to present evidence of causation to support negligence per se theory of recovery).

      Here, Defendant has presented unrebutted evidence that the absence of a tire cage did not proximately cause Plaintiff's injury.  Tire cages are designed to protect the operator from being hit by the metal wheel during an explosive loss of air pressure.  The open design of the cage would not have contained the foam spray that allegedly injured Plaintiff's eyes.  (SOF ¶ 29.)  In contrast, Plaintiff has offered no affirmative evidence establishing such a causal link.  Thus, Defendant has persuasively shown that any failure to comply with OSHA

regulations was not the cause of Plaintiff's injury, negating an essential element of Plaintiff's negligence claim.

Therefore, the Court finds no genuine dispute of material fact as to Defendant's breach of its duty to Plaintiff. Defendant is thus entitled to summary judgment on Plaintiff's negligence claim and, by extension, on Plaintiff's claim for attorney's fees.

## Conclusion

For the aforementioned reasons, Defendant's Motion for Summary Judgment [52] is **GRANTED**.

**SO ORDERED**, this   12th   day of November, 2010.

**RICHARD W. STORY**
United States District Judge

17